UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JORGE VALLEJO, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:17-CV-94 |
| § | |
| ALLSTATE VEHICLE AND PROPERTY § | |
| INSURANCE COMPANY, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION & ORDER

The Court now considers the motion to remand,[1] filed by Jorge Vallejo ("Plaintiff"), as well as the response,[2] filed by Allstate Vehicle and Property Insurance Company ("Allstate"), Jeff Doll ("Doll"), and Ronald Sledge ("Sledge") (collectively "Defendants"). After duly considering the record and relevant authorities, the Court **DISMISSES** Doll and Sledge **WITHOUT PREJUDCE**, and **DENIES** Plaintiff's motion to remand.

**I.  Background**

Plaintiff alleges the following facts in his original petition.[3] Plaintiff had an insurance policy with Allstate, which covered his property located at 2606 East Jarilla Avenue, Hidalgo, Texas 78557 ("the Property").[4] Plaintiff opened two insurance claims with Allstate following "a fallen object event and a weather event which caused substantial damage to the Property[.]"[5] Thereafter, "Allstate assigned dates of loss of February 6, 2016 and May 31, 2016 to the

---

[1] Dkt. No. 6.
[2] Dkt. No. 7.
[3] Dkt. No. 1-4.
[4] *Id.* at ¶ 12.
[5] *Id.* at ¶ 14.

claims."[6] Allstate selected Doll to adjust the February claim.[7] On June 17, 2016, Doll sent Plaintiff a letter concerning the review of Plaintiff's claim,[8] but "[d]espite acknowledging the claim[,] . . . Doll did not schedule an inspection of the Property until July 11, 2016. As of July 28, 2016, the claim was still not processed[.]"[9] Defendants then "attempted to delay processing and payment of the claim by requesting an Examination Under Oath . . . to attempt to minimize their failure to pay Plaintiff's claims in a timely manner."[10]

Although Plaintiff does not specifically indicate that Sledge was assigned to the May 2016 claim, Plaintiff contends that Sledge erroneously estimated the value of that claim and that his estimate "failed to fully quantify Plaintiff's damages, thus demonstrating that he did not conduct a thorough investigation of Plaintiff's claim."[11] Ultimately, Allstate denied Plaintiff's claims and "refused to issue a full and fair payment for the loss."[12]

Plaintiff subsequently filed suit in state court against Defendants, alleging violations of the Texas Insurance Code, breach of contract, and breach of the duty of good faith and fair dealing.[13] Defendants removed the case to this Court, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).[14] The Court now turns to its analysis of Plaintiff's motion to remand.

---

[6] *Id.*
[7] *Id.* at ¶ 15.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at ¶ 16.
[12] *Id.*
[13] *Id.* at ¶¶ 29–51.
[14] Dkt. No. 1, at p. 1.

## II. Legal Standard

The removing party bears the burden of establishing whether federal jurisdiction exists,[15] and the Court must resolve all doubts regarding whether removal jurisdiction is proper in favor of remand.[16] The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a) unless the parties are completely diverse and the amount in controversy exceeds $75,000.[17] Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[18]

Further, the residency of non-diverse defendants who have been improperly joined is not considered for diversity jurisdiction purposes.[19] The Fifth Circuit recognizes two manners by which improper joinder may occur: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[20] The Fifth Circuit has interpreted the second manner to mean that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[21] To determine whether a plaintiff has a reasonable basis for recovery, courts evaluate the sufficiency of the pleadings against non-diverse parties under the federal pleading standards.[22]

*Twombly* and *Iqbal* lay out a two-prong approach to Rule 12(b)(6) dismissal motions,[23] which is relevant here for understanding what constitutes the baseline federal pleading

---

[15] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).
[16] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).
[17] 28 U.S.C. § 1332(a).
[18] *Id.* § 1446(c)(2).
[19] *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).
[20] *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).
[21] *Id.*
[22] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).
[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Our decision in *Twombly* illustrates the two-pronged approach.").

standard.[24] First, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[25] A claim has facial plausibility when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26] Second, the plaintiff must prove the plausibility of his claim with case-specific facts, not mere conclusions: "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."[27] "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."[28] Thus, although courts must accept as true all well-pleaded facts, they need not accept as true over legal conclusions, or legal conclusions which have been "couched" as factual allegations.[29]

### III. Discussion

To determine whether the Court has jurisdiction, it will engage in an improper joinder analysis for each cause of action against Doll and Sledge (the "in-state Defendants"). Here, the only causes of action against the in-state Defendants are for alleged violations of Texas Insurance Code §§ 541 and 542.[30] As a preliminary matter, the Court notes Plaintiff cannot maintain a § 542 cause of action against the in-state Defendants because that statutory section explicitly applies only to insurers.[31] Accordingly, the Court will now consider Plaintiff's § 541 claims against the in-state Defendants.

---

[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[25] *Id.*
[26] *Iqbal*, 556 U.S. at 678.
[27] *Id.*
[28] *Id.*
[29] *Id.* ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").
[30] *See* Dkt. No. 1-4, at ¶¶ 29–36.
[31] Tex. Ins. Code § 542.003(a) (providing that "[a]n *insurer* engaging in business in this state may not engage in an unfair settlement practice") (emphasis added).

Plaintiff alleges that the in-state Defendants violated § 541.060(a)(1) by "misrepresenting to Plaintiff material facts relating to the coverage at issue[.]"[32] The Court acknowledges that Plaintiff simply tracked the statutory language for this cause of action,[33] which is insufficient to survive the Rule 12(b)(6) legal standard.[34] Elsewhere in the original petition, Plaintiff argues that the in-state Defendants made misrepresentations about covered damage under the applicable insurance policy.[35] Although Plaintiff does not clearly identify any misrepresentations by Doll, he does argue that "Sledge made numerous errors in estimating the value of Plaintiff's May 2016 claim, all of which were designed to intentionally minimize and underpay the loss incurred by the Plaintiff. The estimate provided by [] Sledge failed to fully quantify Plaintiff's damages, thus demonstrating that he did not conduct a thorough investigation of Plaintiff's claim."[36] Plaintiff contends that such an incomplete investigation resulted in a wrongful denial of his claim, which constitutes a misrepresentation of policy benefits.[37] The Court finds that Plaintiff's misrepresentation claim fails to provide enough facts and is conclusory. Indeed, Plaintiff does not identify any particular misrepresentations, merely noting that Sledge erred in estimating the amount of damages to the Property. Without additional factual support, Plaintiff is unable to state a claim upon which relief can be granted for his § 541.060(a)(1) cause of action.

Plaintiff's causes of action pursuant to §§ 541.060(a)(2), (a)(3), and (a)(4) likewise fail to survive the Rule 12(b)(6) legal standard. This Court has found that these sections apply only to

---

[32] Dkt. No. 1-4, at ¶ 31.
[33] *Compare* Dkt. No. 1-4, at ¶ 31 ("Defendants Doll and Sledge's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.") *with* Tex. Ins. Code § 541.060(a)(1) ("It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: misrepresenting to a claimant a material fact or policy provision relating to coverage at issue[.]").
[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[35] Dkt. No. 1-4, at ¶ 18.
[36] *Id.* at ¶ 16.
[37] *Id.*

insurers.[38] However, even if this Court determined that these sections do apply to adjusters, Plaintiff's allegations nevertheless fail to state a claim. Here, again, Plaintiff improperly tracks the statutory language of the Texas Insurance Code.[39] Furthermore, each of these causes of action are conclusory and lack sufficient factual support. Plaintiff's only support for his § 541.060(a)(2) allegation is that "Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although Defendants were aware of their liability to Plaintiff under the Policy."[40] Not only does Plaintiff fail to differentiate between Allstate and the in-state Defendants, but he also offers no facts to bolster his claim that the in-state Defendants were aware of liability to Plaintiff or that they are even potentially responsible parties under § 541.060(a)(2).

Similarly, Plaintiff's factual support for his § 541.060(a)(3) cause of action is insufficient. In a conclusory fashion, Plaintiff contends that the in-state Defendants "failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being

---

[38] *See e.g.*, *Lopez v. United Property & Casualty Ins. Co.*, 197 F.Supp.3d 944, 950 (S.D. Tex. July 11, 2016) (citing state and federal cases that found §§ 541.060(a)(2)(A), (a)(3), and (a)(4) are inapplicable to insurance adjusters).
[39] *Compare* Dkt. No. 1-4, at ¶ 32 ("Defendants Doll and Sledge's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim(s), even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.") *with* Tex. Ins. Code § 541.060(a)(2)(A) ("It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: a claim with respect to which the insurer's liability has become reasonably clear[.]"). *Compare* Dkt. No. 1-4, at ¶ 33 ("The unfair settlement practices of Defendants Doll and Sledge, as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.") *with* Tex. Ins. Code § 541.060(a)(3) ("It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim[.]"). *Compare* Dkt. No. 1-4, at ¶ 34 ("Defendants Doll and Sledge's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.") *with* Tex. Ins. Code § 541.060(a)(4)(A)–(B) ("It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: failing with a reasonable time to: affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder.").
[40] Dkt. No. 1-4, at ¶ 19.

made[,]" and additionally "did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claims."[41] Again, Plaintiff fails to differentiate between the Defendants. Ultimately, there are not enough facts to draw a reasonable inference that the in-state Defendants violated § 541.060(a)(3).

Plaintiff is also unable to state a claim under § 541.060(a)(4). Plaintiff attempts to support this cause of action by arguing that "Defendants failed to affirm or deny coverage of [his] claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants."[42] While Plaintiff argues that the in-state Defendants failed to affirm or deny coverage within a reasonable time, there are insufficient facts to suggest that the in-state Defendants violated § 541.060(a)(4). Plaintiff asserts that Doll did not schedule an inspection of the Property until July 11, 2016 and that the claim was not processed by the end of July 2016, even though Doll was assigned to adjust Plaintiff's claim in February 2016.[43] Defendants, in turn, attached a June 2016 letter of representation on behalf of Plaintiff, addressed to Allstate.[44] The Court finds that Plaintiff has not provided enough factual support that Doll, or anyone for that matter, violated § 541.060(a)(4) by virtue of the fact that Plaintiff's claim was not being processed by the end of July 2016. Plaintiff has not demonstrated what would have constituted a reasonable time to affirm or deny coverage for Plaintiff's claim, and the record evidence reflects that contrary to Plaintiff's contention, Allstate and any potential adjusters were not even notified of Plaintiff's claim until at least June 2016.

---

[41] *Id.* at ¶ 20.
[42] *Id.* at ¶ 21.
[43] Dkt. No. 1-4, at ¶ 15.
[44] Dkt. No. 1-8, at p. 70.

Additionally, Plaintiff contends that Defendants "attempted to delay processing and payment of the claim by requesting an Examination Under Oath."[45] Although the allegation is against the Defendants generally, Plaintiff's motion to remand specifies that Doll requested an Examination Under Oath.[46] However, Defendants explain that a non-party, David Thorsen, was the adjuster assigned to Plaintiff's claim, and that he made the examination request.[47] As an attachment to the original answer, Defendants provided the specific examination request that Thorsen sent to Plaintiff.[48] Ultimately, the Court finds that Plaintiff has not presented sufficient factual support to state a claim under Rule 12(b)(6) for an alleged violation of § 541.060(a)(4).

Plaintiff's final § 541 cause of action against the in-state Defendants is for an alleged violation of § 541.060(a)(7).[49] Specifically, Plaintiff claims that the in-state Defendants violated the Texas Insurance Code by "refusing to pay Plaintiff's claim without conducting a reasonable investigation[.]"[50] Plaintiff argues generally that "Defendants performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claims[.]"[51] Again, this argument merely tracks the statutory language of the Texas Insurance Code,[52] and the original complaint is devoid of any factual enhancement that there was an outcome oriented investigation conducted by the in-state Defendants. In fact, Plaintiff actually argues that no investigation had occurred by the end of July 2016,[53] and he offers no facts to

---

[45] Dkt. No. 1-4, at ¶ 15.
[46] Dkt. No. 6, at ¶ 2.
[47] Dkt. No. 7, at ¶ 3.
[48] Dkt. No. 1-8, at p. 8.
[49] Dkt. No. 1-4, at ¶ 35.
[50] *Id.*
[51] *Id.* at ¶ 22.
[52] Tex. Ins. Code § 541.060(a)(7) ("It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: refusing to pay a claim without conducting a reasonable investigation with respect to the claim[.]").
[53] *See* Dkt. No. 1-4, at ¶ 15 ("Despite acknowledging the claim on June 17, 2016, Defendant Doll did not schedule an inspection of the Property until July 11, 2016. As of July 28, 2016, the claim was still not processed and Plaintiff [] was still pending an estimate from Defendant Allstate. Therefore, Defendants Allstate and Doll have not promptly paid the Plaintiff's claim.").

suggest that there was any subsequent investigation. Accordingly, Plaintiff is unable to state a claim for this cause of action as well.

### IV. Conclusion

Plaintiff has not adequately pled any claim against the in-state Defendants under the federal pleading standards. Thus, Doll and Sledge were improperly joined in this case and their residency is disregarded for purposes of diversity jurisdiction. Pursuant to Fifth Circuit dictate,[54] Doll and Sledge are **DISMISSED WITHOUT PREJUDICE**. Because the only remaining parties—Plaintiff and Allstate—are completely diverse, the Court has diversity jurisdiction over this case. Accordingly, Plaintiff's motion to remand is **DENIED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 23rd day of May, 2017.

Micaela Alvarez
United States District Judge

---

[54] *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d 193, 209 (5th Cir. 2016).